# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ANGELA HOLT,                         *
                                     *    No. 18-1662V
              Petitioner,            *    Special Master Christian J. Moran
                                     *
v.                                   *    Filed: November 27, 2023
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * ** *
```

<u>Danielle A. Strait</u>, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
<u>Austin J. Egan</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Angela Holt's motion for final attorneys' fees and costs. She is awarded $104,565.64.

* * *

On October 26, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on November 4, 2015,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused her to suffer Linear IgA disease, or alternatively, that the flu vaccine significantly aggravated her Linear IgA disease. Following respondent's contesting of entitlement, petitioner retained Dr. Kyle Amber, a dermatologist, who presented four expert reports. Respondent retained Dr. Emanual Maverakis, also a dermatologist. Once all expert reports were submitted, respondent indicated his willingness to negotiate a settlement, and on October 7, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on October 12, 2022. 2022 WL 17819693.

On April 5, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $75,875.40 and attorneys' costs of $28,675.24 for a total request of $104,550.64. Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs totaling $15.00 related to the prosecution of her case. Id. On April 18, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on April 18, 2023, reiterating her belief that the requested fees and costs are reasonable.

\*     \*     \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, most of the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested by petitioner for the work of his counsel at Maglio Christopher and Toale (the billing records indicate the majority of attorney work was performed by Ms. Danielle Strait, with supporting work from Mr. Altom Maglio, Ms. Ann Golski, and Ms. Diana Stadelnikas). The rates requested are consistent with what these individuals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. See, e.g., Becknell v. Sec'y of Health & Human Servs., No. 15-846V, 2020 WL 6151352 (Fed. Cl. Spec. Mstr. Sept. 22, 2020); Puckett v. Sec'y of Health & Human Servs., No. 17-1316V, 2020 WL 5407838 (Fed. Cl. Spec. Mstr. Aug. 28, 2020).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing

entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $75,875.40.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $28,675.24 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Kyle Amber. Dr. Amber has submitted good billing records which have allowed the undersigned to assess their reasonableness and the billed hours (55) appear reasonable for his work in the instant case. Additionally, Dr. Amber's proposed hourly rate of $500.00 per hour has previously been found reasonable by other special masters of this Court. See, e.g. Kabayan v. Sec'y of Health & Human Servs., No. 22-298V, 2023 WL 7132987 (Fed. Cl. Spec. Mstr. Oct. 2, 2023).

Petitioner has also provided adequate documentation supporting the other requested costs and they appear reasonable in the undersigned's experience. The full amount of costs shall therefore be awarded.

Additionally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $15.00 for acquisition of medical records. This cost is reasonable and shall be fully reimbursed.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1)  a total of **$104,550.64** (representing $75,875.40 in attorneys' fees and $28,675.24 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Maglio Christopher & Toale, P.A.; and

2)  a total of **$15.00** (representing reimbursement of petitioner's personal costs) as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.